**COX LAW FIRM LLC**
William H. Cox (WC 3295)
Peter J. Vranum (PV 8947)
43 West 43rd Street, Suite 137
New York, NY 10036-7424
Tel. No.: (212) 804-5756
WCox@lawcox.com

**LAW OFFICES OF H.W. BURNS**
Howard W. Burns, Jr. (HWB 6529)
The Woolworth Building
233 Broadway, Suite 2065
New York, New York 10279
Tel. No.: (212) 227-4450
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff Country Life, LLC**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
COUNTRY LIFE, LLC,

    Plaintiff,

-against-

THE HAIN CELESTIAL GROUP, INC.,

    Defendant.
-----------------------------------------------------x

Case No.

**VERIFIED COMPLAINT**

**Plaintiff Demands Trial By Jury**

    Plaintiff, Country Life, LLC ("Country Life"), by its undersigned attorneys, as and for its Verified Complaint against defendant The Hain Celestial Group, Inc. ("Hain" or "Defendant"), alleges the following upon knowledge as to itself and its own acts, and upon information and belief as to all other matters. Country Life believes that its information and belief allegations are likely to have additional evidentiary support after a reasonable opportunity for further investigation and discovery.

1

## NATURE OF THE ACTION

1. This is an action for trade dress infringement, false designation of origin, unfair competition and injury to business reputation in violation of the laws of the United States and the State of New York. Country Life seeks an injunction, damages and related relief.

2. Country Life is the seller and distributor of a line of personal products sold under the trademark "DESERT ESSENCE."

3. Country Life is the seller and distributor of a line of fluoride free, gluten free, vegan toothpaste sold and distributed under the DESERT ESSENCE trademark (the Desert Essence Product") in inherently distinctive packaging developed and used by Country Life since approximately February 8, 2010 (the "Desert Essence Packaging").

4. This action is directed against the unauthorized and wrongful sale and distribution by Defendant of a line of natural toothpaste that directly competes with the Desert Essence Product under the trademark, JĀSÖN, in packaging, which infringes the trade dress of the Desert Essence Packaging.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331, 1338 and 1367. Country Life's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq. (the "Lanham Act"), and the statutory and common law of the State of New York.

6. The venue of this Court is founded upon 28 U.S.C. §1391(b). Upon

information and belief, the Defendant resides in the Eastern District of New York, and a substantial part of the events giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

7. Country Life is a New York limited liability company with its registered office at 180 Vanderbilt Motor Parkway, Hauppauge, New York 11788. Country Life is the owner of the trade dress at issue in this action.

8. Upon information and belief, The Hain Celestial Group, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal office at 1111 Marcus Avenue, #1, Lake Success, New York 11042.

9. Upon information and belief, the Defendant (a) is doing business in the State of New York; (b) has transacted business within the State of New York and this judicial district; (c) has committed tortious acts within the State of New York by the offering for sale and selling infringing goods within the State of New York and this judicial district, including the goods complained of herein; and/or (d) has committed tortious acts outside the State of New York causing injury to property within the state and (i) regularly does or solicits business and/or derives substantial revenue from goods used or consumed within the state or (ii) expected or should have reasonably expected its acts to have consequences within the state and derives substantial income from interstate commerce.

## THE DESERT ESSENCE TRADE DRESS - BACKGROUND

10. In 2009, Country Life retained a consulting firm to assist in re-designing the packaging for its entire line of personal care products. A photo of the prior Desert Essence toothpaste packaging is set forth below:



11. As a result of the work of the consulting firm and various studies conducted by it, in or about 2009, Country Life developed new toothpaste packaging and in 2010 began selling and distributing its toothpaste in the new packaging. A sample of the new packaging is set forth below:



12. The inherently distinctive design of the Desert Essence Packaging set forth above consists in each case of (i) a close-up color photograph of a plant, botanical or other ingredient with a blurred background, with such photograph occupying the entire top half of the packaging and (ii) on the lower half, information regarding product name, indications and contents in multi-colored lettering and type, and including a solid horizontal, rectangular band of color, all on a white background (the "Desert Essence Trade Dress").

13. In addition to being inherently distinctive, the Desert Essence Trade Dress has also achieved secondary meaning by virtue of (i) sales and distribution throughout the United States since 2010, and (ii) promotional activities, including the expenditure of approximately one million one hundred fifty dollars ($1,150,000) since 2010 for trade show expenses, displays, graphics and sell sheets and other advertising and marketing expenses for the Desert Essence toothpaste line. In each of the years from 2010

5

through the present there have been substantial sales of toothpaste using the Desert Essence Trade Dress. Actual sales figures will be disclosed once an appropriate protective order is in place.

14. In addition, the secondary meaning of the Desert Essence Trade Dress has been enhanced by publicity in numerous third party publications such as blogs, magazines, digital advertising and advertorials, representative samples of which are attached hereto as Exhibit A.

15. As a result of Country Life's exclusive and extensive use of the Desert Essence Trade Dress, the Desert Essence Trade Dress has acquired enormous value and recognition in the United States.

16. The Desert Essence Trade Dress is distinctive and is well known to the consuming public and trade as identifying and distinguishing the Desert Essence brand exclusively and uniquely as the source of origin of the high quality products.

17. The Desert Essence Trade Dress is both distinctive and famous, has achieved secondary meaning and is recognized as emanating from Country Life alone.

18. Other brands of natural toothpaste use fonts, lettering or type in bright colors and either photographs or drawings of plants and ingredients but, except for Defendant, no other brand uses fonts, lettering, type and photographs that are substantially similar to those used in the Desert Essence Trade Dress or in any layout which is substantially similar to the Desert Essence Trade Dress. Examples of trade dress of competing brands that use fonts, lettering or multi-colored type and/or photographs or drawings of plants and ingredients are attached hereto as Exhibit B.

## DEFENDANT'S WRONGFUL ACTS

19. Upon information and belief, sometime in 2018 Defendant changed the packaging of its toothpaste and Defendant, without the consent of Country Life, has caused to be manufactured, distributed, offered for sale, and/or sold in interstate commerce natural toothpaste bearing the Desert Essence Trade Dress but sold and distributed by Defendant under the JĀSÖN trademark (the "Offending Products"). A photo of Defendant's prior packaging, as well as photos of the Desert Essence Packaging next to the Defendant's new packaging is set forth below.





20. Upon information and belief, such Offending Products are directed and targeted towards the same group of ultimate consumers as are the Desert Essence Products under the Desert Essence Trade Dress.

21. The aforementioned acts of Defendant are likely to cause confusion and mistake among consumers that (a) Defendant's Offending Products originate with Country Life, (b) there is some affiliation, connection or association of Defendant with Country Life, and/or (c) said Offending Products are being offered to consumers with the sponsorship and/or approval of Country Life.

22. Upon information and belief, the aforementioned acts of Defendant are willful, malicious and intentional, in that Defendant had knowledge of Country Life's products in the market bearing the Desert Essence Trade Dress and either knew that said Offending Products bore unauthorized counterfeits, reproductions, copies or

8

colorable imitations of the Desert Essence Trade Dress, or willfully ignored such facts, and have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said Offending Products and to gain for Defendant the benefit of the enormous goodwill associated with the Desert Essence Trade Dress.

23. Upon information and belief, the infringement of the Desert Essence Trade Dress by the Defendant in this instance was willful and in bad faith because even after having been notified of its infringement, Defendant has sold and continues to sell the Offending Products.

24. At no time has Country Life authorized the Defendant to use the Desert Essence Trade Dress.

## FIRST CLAIM FOR RELIEF
## (TRADE DRESS INFRINGEMENT)

25. Country Life repeats and realleges paragraphs 1 through 24 above with the same force and effect as though fully set forth herein, and further alleges:

26. The Desert Essence Trade Dress is inherently distinctive and has achieved secondary meaning such that it is recognized as emanating from a single source by virtue of:

    (a)    the inherently distinctive design of the Desert Essence Packaging as shown in paragraphs 11 and 12 above;

    (b)    sales success as outlined in paragraph 13 above;

    (c)    advertising and marketing expenditures over the last nine (9) years as set

forth in paragraph 13 above;

(d) unsolicited media coverage of the Desert Essence products as outlined in paragraph 14 above and Exhibit A; and

(e) substantially exclusive use of the Desert Essence Trade Dress by Country Life over the past nine (9) years.

27. The trade dress of the Offending Products is confusingly similar to the Desert Essence Trade Dress, because it is identical or virtually identical to the Desert Essence Trade Dress.

28. The Desert Essence Trade Dress is not functional because (a) as explained in paragraph 18 above, there have been and continue to be numerous other brands of natural and/or organic toothpastes that incorporate (i) photos or drawings of plants or other ingredients into their packaging and/or (ii) fonts, lettering or type with bright colors, (b) the Desert Essence Trade Dress does not provide a cost or quality advantage in the market for toothpaste and may actually result in increased costs to Country Life to create the Desert Essence Trade Dress, and (c) competitors' ability to compete is not significantly undermined by protecting the Desert Essence Trade Dress because other designs incorporating photos or drawings of plants or other ingredients, and fonts, lettering or type with bright colors, such as those shown in Exhibit B, exist and are used throughout the natural toothpaste industry.

29. The aforementioned acts of Defendant constitute trade dress infringement in violation of 15 U.S.C. §1125(a), which covers infringement of trade dress which is not registered under the Lanham Act.

30. Said acts of Defendant have caused and will continue to cause irreparable injury to Country Life, unless enjoined by this Court. Country Life has no wholly adequate remedy at law, but is entitled to its actual damages and Defendant's profits in connection with Defendant's willful trade dress infringement.

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

31. Country Life repeats and realleges paragraphs 1 through 30 above with the same force and effect as though fully set forth herein, and further alleges:

32. The aforementioned acts of Defendant constitute the use of a false designation of origin and/or making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

33. Defendant's acts of unfair competition are willful and deliberate and done with intent to reap the benefit of the goodwill and reputation associated with the Desert Essence Trade Dress.

34. Said acts of Defendant have caused and will continue to cause irreparable injury to Country Life, unless enjoined by this Court. Country Life has no adequate remedy at law, but is entitled to its actual damages and Defendant's profits in connection with Defendant's willful violation of 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### (COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION)

35. Country Life repeats and realleges paragraphs 1 through 34 above with the same force and effect as though fully set forth herein, and further alleges:

36. The aforementioned acts of Defendant constitute trade dress infringement

11

and unfair competition in violation of the common law of the State of New York.

37. Said acts of Defendant have caused and will continue to cause irreparable injury to Country Life, unless enjoined by this Court. Country Life has no wholly adequate remedy at law but is entitled to its actual damages and Defendant's profits in connection with Defendant's willful trade dress infringement and unfair competition.

## FOURTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW §360-l)

38. Country Life repeats and realleges paragraphs 1 through 37 above with the same force and effect as though fully set forth herein, and further alleges:.

39. The aforementioned acts of Defendant constitute injury to Country Life's business reputation, trade dress infringement and/or dilution of the distinctive quality of the Desert Essence Trade Dress in violation of New York General Business Law §360-l.

40. Said acts of Defendant have caused and will continue to cause irreparable injury to Country Life, unless enjoined by this Court. Country Life has no wholly adequate remedy at law but is entitled to its actual damages and Defendant's profits in connection with Defendant's willful injury to Country Life's business reputation, trade dress infringement and/or dilution of the distinctive quality of the Desert Essence Trade Dress.

WHEREFORE, Country Life demands judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with it from:

(a) imitating, copying or making unauthorized use of the Desert Essence Trade Dress;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the Desert Essence Trade Dress;

(c) using any unauthorized reproduction, copy, counterfeit or colorable imitation of the Desert Essence Trade Dress, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Country Life or to any goods sold, sponsored, approved by, or connected with Country Life;

(d) engaging in any other activity constituting unfair competition with Country Life, or constituting an infringement of the Desert Essence Trade Dress, or of Country Life's rights in, or its right to use or exploit such trade dress;

(e) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Country Life, or that is false or misleading with respect to Country Life; and

(f) engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of the Desert Essence Trade Dress, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the

purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above.

2. Directing that Defendant deliver for destruction all products, artwork, prints and advertisements in its possession, custody or control bearing the Desert Essence Trade Dress, and/or any reproductions, copies or colorable imitations thereof, including all plates and other means of making such imitations of the Desert Essence Trade Dress.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Country Life or is related to or associated in any way with Country Life's products.

4. Requiring Defendant to account and pay over to Country Life all profits of such Defendant, plus any other monetary advantage of any nature gained through its infringement of the Desert Essence Trade Dress.

5. Awarding Country Life its costs and reasonable attorneys' and investigatory fees and expenses, together with prejudgment interest.6. Awarding Country Life exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

7. Awarding Country Life such other and further relief as the Court deems just and proper.

14

Dated:  New York, New York
        March _12_, 2019

                                                  COX LAW FIRM LLC

By: _____
William H. Cox (WC 3295)
Peter J. Vranum (PV 8947)
Attorneys for Plaintiff
43 West 43rd Street, Suite 137
New York, NY 10036-7424
(212) 804-5756
wcox@lawcox.com
pvranum@lawcox.com

LAW OFFICES OF H.W. BURNS

By: _____
Howard W. Burns, Jr. (HWB 6529)
The Woolworth Building
233 Broadway, Suite 2065
New York, New York 10279
Tel. No.: (212) 227-4450
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff Country Life, LLC.**

## **VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Wendy C. Lucas, being duly sworn, deposes and says:

She is the President and Chief Operating Officer of Country Life, LLC, the plaintiff in the above entitled action which is a limited liability company created under and by virtue of the laws of the State of New York; that she has read the foregoing verified complaint and knows the contents thereof; that the same is true to her knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

*Wendy C. Lucas*
Wendy C. Lucas

Sworn to before me this
13 day of March, 2019

Notary Public

YDALMIS Y GUZMAN
Notary Public - State of New York
No. 01GU6381201
Qualified in Nassau County
Commission Expires Sept. 24, 2022

YDALMIS Y GUZMAN
Notary Public - State of New York
No. 01GU6381201
Qualified in Nassau County
My Commission Expires Sept. 24, 2022

16